FILED
U.S. District Court
District of Kansas
02/20/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KAVEH ABEDI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 26-3012-JWL |
| | ) |
| C. CARTER, Warden, FCI-Leavenworth; | ) |
| KRISTI NOEM, Secretary, | ) |
|    Department of Homeland Security; and | ) |
| CHRISTOPHER CHAMBERLAIN, | ) |
|    Acting Assistant Field Office Director, | ) |
| | ) |
| Respondents. | ) |
| | ) |

## MEMORANDUM AND ORDER

Petitioner, acting through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **grants** the petition. Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **March 2, 2026**, and shall provide notice to this Court when that release is effected.

Petitioner is a native and citizen of Iran. In 2002, after his conviction of a drug offense in California state court, petitioner was taken into custody by immigration officials. Removal proceedings were initiated, and in September 2002 petitioner was granted deferral of removal, meaning he could not be removed to his home country of Iran. In December 2002, petitioner was released from custody subject to an Order of Supervision (OSUP).

On June 22, 2025, officials revoked petitioner's release, and he was taken into custody the following day. Petitioner is presently detained within this judicial district.

On July 21, 2025, petitioner filed a habeas petition in this Court by which he challenged his detention (Case No. 25-3141). On August 5, 2025, the Court denied petitioner's request for an injunction. *See Abedi v. Carter*, 2025 WL 3209015 (D. Kan. Aug. 5, 2025) (Lungstrum, J.). On October 6, 2025, the Court denied the petition. *See Abedi v. Carter*, 2025 WL 3209009 (D. Kan. Oct. 6, 2025) (Lungstrum, J.), *appeal filed* (10th Cir. Oct. 6, 2025). The Court rejected various claims, including petitioner's claim that his detention had become unreasonably indefinite under the *Zadvydas* framework. *See id.* at *1. With respect to that claim, the Court rejected petitioner's argument that *Zadvydas*'s six-month presumptively-reasonable period expired over 20 years ago after petitioner's removal order became final; and it concluded that his detention remained presumptively reasonable because less than four months had elapsed since he was most recently taken into custody. *See id.* In a footnote, the Court stated that if petitioner's detention without removal continued beyond the six-month period and became unreasonably indefinite, and he could satisfy the *Zadvydas* standard, petitioner would be free to file a new petition seeking release. *See id.* at *1 n.2. Petitioner filed a notice of appeal the same day, and that appeal remains pending in the Tenth Circuit.

On January 16, 2026, petitioner filed the instant petition seeking release, in which petitioner claims only that his detention has become unreasonable. Respondents filed an answer to the petition, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

In opposing the petition, respondents first argue that because petitioner's appeal from the denial of his first petition remains pending, this Court lacks jurisdiction to consider the present petition. Respondents rely on the general rule that the "filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *See Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985). Respondents note that petitioner seeks relief under *Zadvydas* in his appeal, as he does here, and they argue that a substantive ruling in the present case could interfere with the Tenth Circuit's consideration of that claim on appeal.

The Court rejects respondents' argument that it lacks jurisdiction here. This is not a case in which the petitioner has sought relief from the district court in the same case in which the petitioner has appealed a final order by that court; rather, petitioner has filed a separate habeas case – an action invited by the Court in its prior ruling in the event that petitioner's *Zadvydas* claim became ripe through the passage of time. Respondents emphasize in their brief that they take no issue with petitioner's filing a second action, which they do not challenge as an improper successive petition; thus, respondents implicitly acknowledge that petitioner's present claim is not identical to his prior claim under *Zadvydas*. Respondents nevertheless argue that the Court cannot consider the second petition because petitioner chose to appeal the denial of the first petition in a separate case. Respondents, however, have not cited any supporting authority involving the present situation, in which a petitioner has filed a second habeas petition under Section 2241 that asserts a new claim based on different supporting facts.

Petitioner's present claim is distinct from the claim that the Court previously denied and which is now at issue on appeal. In the first case, the Court essentially held that petitioner could not bring a *Zadvydas* claim because he had not been detained for at least six months (the presumptively-reasonable period of detention); and on appeal, the Tenth Circuit will consider whether this Court's ruling was correct as of the date of its issuance. In this second case, petitioner claims that he has now been detained for more than six months and that relief is warranted under *Zadvydas*, based on a record that includes the four months since the Court's prior ruling – a claim that is not presently before the Tenth Circuit. Accordingly, the Court concludes that it does not lack jurisdiction to consider the merits of the instant petition.[1]

The Court thus turns to the merits of the case. Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See Zadvydas v. Davis*, 533 U.S. 678, 683

---

[1] It is not for this Court to decide whether its present order moots any aspect of the pending appeal.

(2001) (citing 8 U.S.C. § 1231(a)(2), (6)).  The Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute."  *See id.* at 699.  The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal.  It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal.  Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute.  In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions.  . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters.  But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted).  The Supreme Court then established a presumptively reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.  And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.  This 6-month presumption, of course, does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

5

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at *2-3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

The Court finds that petitioner has met his burden to provide "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future." Petitioner has been detained for almost eight months, a significant period of time beyond the six-month period deemed presumptively reasonable by the Supreme Court. Moreover, the removal order prohibits petitioner's removal to Iran, and respondents' efforts to remove him to two alternative countries, Turkey and the United Arab Emirates, have been unsuccessful. Respondents have not identified any other potential third country to which petitioner might be removed. Finally, following a custody status interview of petitioner on January 7, 2026, two local immigration officials recommended to agency headquarters that petitioner be released subject to supervision – an action that indicates that those officials did not believe that petitioner's removal was imminent. *See* 8 C.F.R. § 241.4(e) (release will be recommended or granted only if a travel document has not been issued or immediate removal is not practicable or in the public interest).[2]

---

[2] Respondents argue that the local officials' recommendation should not be dispositive because it is subject to review and possible rejection by national officials. The local officials' recommendation, however, at least provides evidence that those officials did not believe that petitioner would be removed in the near future.

6

The Court further finds that respondents have not rebutted that showing. Respondents argue that they have made efforts to remove petitioner and continue to do so, but their evidence (a declaration by an immigration official) does not identify any concrete steps have been taken in the last seven months. The declarant states that a travel document was obtained from Iran in July 2025; but petitioner cannot be removed to Iran under the presently-enforceable removal order, and respondents have not suggested that they may seek to reopen those proceedings or that they would be likely to win a modification of the removal order. The declarant further notes that in July 2025 petitioner's spouse asked about removal to Turkey or the United Arab Emirates, and he concedes that officials were unable to remove petitioner to either country; but the declarant does not identify any steps that were taken by officials with respect to those countries, and there is no basis to believe any such steps have been taken in the recent past. At any rate, there is no basis to believe that petitioner will be removed to either country in the reasonably-foreseeable future (and respondents do not argue otherwise). The declarant also states that local officials have made inquiries within their agency about finding another alternative country for petitioner's removal, but he concedes that local officials have been told that no such updates are available. Thus, it does not appear that officials have contacted any other country in the last seven months to inquire about the possibility of petitioner's removal there. Neither respondents nor the declarant have attempted to explain why there have not been any such inquiries or why other efforts have not been made. Respondents have not even identified another alternative country to which they believe petitioner might be removed in the future. *See, e.g.*, *Manago v. Carter*, 2025 WL 2841209, at *2-3 (D. Kan.

Oct. 7, 2025) (citing similar facts in concluding that the respondents failed to rebut the petitioner's showing under *Zadvydas*).  Most significantly, there is no analysis or explanation specific to petitioner's case, as, again, respondents have not attempted to explain why previous efforts to find a removal country for petitioner have been unsuccessful or why efforts are likely to be successful in the reasonably foreseeable future.[3]

In sum, respondents have not been able to provide evidence or even point to any specific fact that creates a significant likelihood that, even though officials failed to remove petitioner to a third country in almost eight months since they detained petitioner, and even though they have seemingly made no concrete efforts regarding removal to any particular third country in the last seven months, petitioner will nonetheless be removed to a third country in the reasonably foreseeable future.  Petitioner's detention has become unreasonably indefinite, and the Court therefore concludes that petitioner must be released, subject to appropriate terms of supervision.  *See Zadvydas*, 533 U.S. at 700.

Accordingly, the Court grants the petition for habeas relief, and respondents are ordered to effect petitioner's release by **March 2, 2026**.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted**.  Respondents shall release

---

[3] In recent cases, this Court has noted that this lack of detail or explanation is especially disheartening in light of the Court's repeated complaints to that effect. *See, e.g.*, *Hassan v. Welsh*, 2026 WL 21234, at *3 (D. Kan. Jan. 5, 2026) (Lungstrum, J).

petitioner from custody, subject to an appropriate order of supervision, by **March 2, 2026**, and shall provide notice to this Court when that release is effected.

    IT IS SO ORDERED.

    Dated this 20th day of February, 2026, in Kansas City, Kansas.

                                                 /s/  John W. Lungstrum
                                                 Hon. John W. Lungstrum
                                                 United States District Judge